the trial judge could have properly imposed a greater minimum than that required. After a thorough review of the record, we conclude that although the trial judge did not specifically state that he was considering the circumstances of the offense and the history of the defendant, it is apparent that he did so. We hold that there is no requirement that the trial judge make any specific statement as to the factors considered, but instead, each case must be determined on its own facts after a review of the record and proceedings involved. See *People v. Scott*, 20 Ill.App. 3d 880, 314 N.E.2d 671.

■■ Defendant's second ground for challenging the sentence is that a 10-year minimum for attempt murder was excessive in light of defendant's age and the fact that he had no prior criminal record. However, the minimum imposed was allowable under the Code. The record discloses a vicious attempted assassination. In view of the senseless and brutal nature of the attack and the severe injuries suffered by the victim, we decline to disturb the sentence imposed by the trial court.

Therefore, the convictions for aggravated battery are reversed and the sentences thereon vacated; the conviction and sentence for attempt murder are affirmed.

Judgment affirmed in part; judgment reversed and vacated in part.

HAYES, P. J., and DOWNING, J., concur.

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ANNIE RUTH HUGGIN, Defendant-Appellant.

(No. 60028;

First District (2nd Division)—December 24, 1974.

PER CURIAM.

Smith, Reilley, Bell, Weinberg & Levinson, of Chicago (Alfred L. Levinson, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Patrick T. Driscoll, Jr., and Jerome Charles Randolph, Assistant State's Attorneys, of counsel), for the People.